Parker C. J.
delivered the opinion of the Court. There can be no doubt in this case that the verdict is right.
The assignment by one partner to pay a bond fide partnership debt is good,[1] and the indorsement of the bill of lading by Fairfield, with a claim of possession by the plaintiff immediately on the arrival of the sugars, passed the property, even if the preceding assigmnent was insufficient.[2] But it is very clear that the transfer of an invoice of an outward cargo, after the sailing of the vessel, operates upon the proceeds so as to make them the property of the purchaser. We think it cannot be pretended that the United States have a lien upon all the property of their debtors, to secure bonds which they may owe to the customhouse. They have hitherto claimed no lien beyond the very goods out of which the debt grew, and to extend it as claimed in the present instance, would put an end to all faith and confidence among merchants, and effectually destroy trade.[3]
The seizure on execution by the marshal was undoubtedly a trespass ; for having no authority to take the property of the plaintiff by his execution, he must be considered like every other stranger who meddles with the property of another.

 See Angell on Assignments, 49 to 56; Collyer on Partn. 217, and note 69; 3 Kent’s Comm. (3d ed.) 44, note a; Haven v. Hussey, 5 Paige, 30; Pierpout v. Graham, 4 Wash. C. C. 232, 234.

 See 2 Kent’s Comm. (3d ed.) 548 to 550; 3 Kent’s Comm. (3d ed.) 207, Abbott on Shipping (4th Aml ed.) 389 and note 1.

 The lien of the United States for duties is restricted to the specific arti cles on which the duties have accrued. Dennie v. Harris, 9 Pick. 364; Harris v. Dennie, 3 Peters, 292; Dennie v. Harris, 5 Pick. 123.